THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT HERNANDEZ, Appellant.

First Department, December 14, 1961.

*Elliott H. Eisman* of counsel (*Fruling & Eisman,* attorneys), for appellant.

*Richard R. Lutz* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* In this closely contested case a chronology of the procedure points up the injustice. The incident giving rise to the information occurred on November 6, 1958. There was an interval of seven and a half months before the information was filed on June 23, 1959. Two weeks later the defendant was arraigned for pleading, on July 7, 1959. The case was set down for trial on December 8, 1959, a further interval of six months. On that date the complaining witness did not appear and the defendant was discharged on his own recognizance. On September 14, 1960, a further interval of nine months, the District Attorney moved to restore the case, and the motion was granted and the case restored for October 6, 1960. The interval between the alleged perpetration of the crime and the trial was a year and 11 months. During all of this period the defendant was in the jurisdiction, regularly working at the place where the incident occurred, and no one attributes any of the delay to him.

The charge of assault in the third degree grew out of a fight in a restaurant between the complainant, a customer, and defendant, a waiter, in the establishment. Each blames the other for being the aggressor, and each claims that his own activity was in defense. At the opening of the trial defendant's counsel sought an adjournment on the ground that the motion to restore was made ex parte, that he had no actual notice of the trial date and that the prior proceedings had led him to believe — what was entirely believable — that the prosecution had been abandoned. Despite the fact that the People had

obtained five adjournments in the period between July 7, 1959, and December 8, 1959, this adjournment was refused. The refusal was based on the fact that the complainant was from Rhode Island and he would be inconvenienced by having to return.

Defendant's excusable lack of preparation is evident from the fact that the police officers who came to the restaurant but made no arrest were not called. Their testimony was significant as the complainant testified that the defendant ran away to avoid arrest and defendant testified he was present and no arrest was made. An application to reopen the case to obtain this testimony was denied.

It is quite apparent that the peculiar history of this prosecution stems from the fact that the complainant was seeking to obtain a conviction to bolster a pending civil suit for damages. Of course, the fact that such a suit is pending, or even that that is the complainant's motive, should not serve to relieve a defendant from the criminal consequences of his act. But the convenience of such a witness, even though he lives at a distance, should not serve to obscure the defendant's rights.

The judgment of conviction should be set aside and a new trial ordered.

McNally, J. (dissenting). I dissent and vote to affirm.

The majority has placed the reversal on the ground that it was an abuse of discretion for the trial court to deny defense counsel's application for an adjournment. Several items printed in respondent's brief are, by consent, part of the record and show that defendant and his counsel were afforded every consideration which the court could grant in the interest of justice.

In December, 1959 defendant was discharged on his own recognizance when the complainant, a Rhode Island resident, failed to appear for trial. Complainant later claimed he had not been notified. On August 24, 1960 the District Attorney moved to restore the case to the calendar. The motion was adjourned until September 14, 1960 in order to notify the defendant. On that date the brother of the defense counsel appeared and filed an affidavit of the latter's associate asking for an adjournment of two weeks. The court granted a three-week adjournment and fixed a date certain for trial since the complaining witness had to come in from out of the State. On the adjourned date the defense counsel appeared and requested an adjournment claiming that he was not prepared and had not been notified.

Defendant's contention that he should have been granted an adjournment because his counsel had not been given notice is refuted by the record. Defendant and his counsel had reasonable and adequate notice. A date certain was set for the trial after an adjournment had been granted to accommodate defense counsel. The date certain was a week longer than what had originally been requested.

The case was tried by the associate of defense counsel whose affidavit had been submitted on the original request for a two-week adjournment which resulted in a three-week adjournment. Defendant's trial counsel cross-examined the People's witnesses at length, apparently using a deposition before trial in a civil suit to refresh the recollection of one of the witnesses. Defendant testified in his own behalf as did another witness called by the defense. In addition, before trial, the court offered the defendant time to produce additional witnesses of which he did not avail himself.

On the sentencing day the defendant appeared with a new attorney who asked to have the case reopened in order to call the detective who was the arresting officer. This request was denied. Defendant contends that the detective's testimony was material to the defense. There was no offer of proof as to the testimony of the detective who, it is undisputed, arrived at the restaurant after the assault. There is no issue as to identity as was the case in *People* v. *Tapia* (11 A D 2d 679) relied on by defendant. The detective was available at all times to either side and the court had offered and the defendant had ample time to produce additional witnesses. Under the circumstances it was not error for the trial court to refuse to order a new trial so that the defendant might call this witness.

BREITEL, J. P., VALENTE and STEUER, JJ., concur in *Per Curiam* opinion; McNALLY, J., dissents and votes to affirm in opinion, in which BASTOW, J., concurs.

Judgment of conviction reversed upon the law and upon the facts and a new trial ordered, in the exercise of discretion.